**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURLIN PENNICK, III, | No. 11-35882 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05175-RBL |
| v. | |
| DAWN THOMPSON, in her individual capacities, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Curlin Pennick, III, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendant violated his Fourteenth Amendment due process rights by incorrectly

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

depositing education funds in his spendable account and for failing to adequately correct this mistake. We review de novo a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999), and we affirm.

The district court properly dismissed Pennick's action because adequate post-deprivation remedies existed to address any alleged deprivation of property. *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (established prison grievance procedures and Washington state tort law actions are adequate post-deprivation remedies for random and unauthorized deprivations); *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (due process claims require a showing of "denial of adequate procedural protections").

**AFFIRMED.**